<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MUHAMIN BEY,<br><br>        Plaintiff,<br><br>    v.<br><br>OSCAR AVILES, et al.,<br><br>        Defendants. | Civil Action No.<br>No. 22-3024 (JMV) (JBC)<br><br>**OPINION & ORDER** |

**VAZQUEZ, District Judge:**

      This matter comes before the Court by way of Plaintiff's Complaint raising claims pursuant to 42 U.S.C. § 1983. (D.E. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

      Plaintiff names: (1) Director Oscar Aviles, and (2) Nurse Witt, as Defendants in this matter. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

      The Court construes the Complaint to allege that Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Due Process Clause of the Fourteenth Amendment. To state a claim for deliberate indifference under the Fourteenth Amendment, Plaintiff must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). Deliberate

indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Courts have found deliberate indifference where an official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.  Courts give deference to a facility's medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).  Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

In this case, it appears that Plaintiff wishes to pursue a supervisory liability claim against Director Aviles.  Generally, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983).  Rather, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates.  First, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).  A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by

[the governing] body's officers." *Monell*, 436 U.S. at 690.  A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691.  A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory").  Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

Here, the Complaint does not allege that Director Aviles undertook any specific action beyond "oversee[ing]" the jail and stating that the facility was under "strict state and federal restriction[s]." (D.E. 1, at 4.)  The Complaint offers no further details specific to Director Aviles. As a result, Plaintiff fails to describe how Director Aviles established or maintained any particular policies or customs, or how those policies or customs specifically caused or contributed to his injuries.  Nor does Plaintiff allege that Director Aviles personally directed anyone to violate Plaintiff's rights or had knowledge of, and acquiesced in, any such violations. And to the extent Plaintiff contends that Director Aviles is liable simply for being a supervisor, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676.  In other words, a supervisor is not liable for the unconstitutional conduct of his employees solely because he is a supervisor.

3

Ultimately, Plaintiff's supervisory liability claim is based on bare conclusions, which are insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). Consequently, the Court will dismiss without prejudice Plaintiff's claims against Director Aviles. The remainder of the Complaint, *i.e.*, Plaintiff's claim against Nurse Witt, may proceed.[1] Accordingly,

IT IS, on this 16th day of November 2022,

**ORDERED** that Plaintiff's claims against Director Aviles are DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that after Plaintiff sends the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (D.E. 1), summons, and this Opinion and Order upon the remaining Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

---

[1] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses as Defendant sees fit. Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.